IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**PENNY A. TOWNES,**

Debtors

CHAPTER 13

CASE NO. **5:18-bk-02291**

___ ORIGINAL PLAN
_5th_ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
_1_ Number of Motions to Avoid Liens
_1_ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

   1. To date, the Debtor paid **$ 6,610.73** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is **$ 27,290.73**, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| **03/2021** | **06/2021** | **$ 370** | N/A | **$ 370** | **$ 1,480** |
| **07/2025** | **06/2025** | **$ 400** | N/A | **$ 400** | **$ 19,200** |
| | | | | | |
| | | | | Total Payments: | **$ 20,680** |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ( X ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is **$ 0** . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

 X   No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

\_\_\_   None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

 X   Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| **Santander Consumer USA (Claim No. 2)** | **6379** | **$ 100** |

2

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

_X_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **Land Home Financial Services (from Bayview, Claim No. 14)** | **Debtor's Residence at 521 Carey Avenue, Wilkes-Barre, Luzerne County, Pennsylvania** | **0562** |

**C. Arrears, including, but not limited to, claims secured by Debtor's principal residence.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

_X_ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| **Land Home Financial Services (from Bayview, Claim No. 14)** | **Debtor's Residence** | **$ 1,968.75** | **$ 0** | **$ 1,968.75** |

D. **Other secured claims (conduit payments, claims for which a § 506 valuation is not applicable, etc.)**

___  None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

 X   The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

   1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code.

   2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

   3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| **City of Wilkes-Barre OECD (previously serviced by PNC Bank, Claim No. 15)** | **Debtor's Residence** | **$ 5,047.03** | **3%** | **$ 5,601.96** |
| **Luzerne County Flood Protection (Claim No. 5)** | **Debtor's Residence** | **$ 1,375.55** | **N/A** | **$ 1,375.55** |
| **Wyoming Valley Sanitary Authority (Claim No. 4)** | **Debtor's Residence** | **$ 401.75** | **N/A** | **$ 401.75** |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

___  None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

4

<u>  X  </u>    Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| **Santander Consumer USA (Claim No. 2)** | **2007 Ford F150** | **$9,300** | **6%** | **$ 11,412.24** | **Plan** |

**F. <u>Surrender of Collateral</u>.** *Check one.*

<u>  X  </u>    None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

**G. <u>Lien Avoidance</u>.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

<u>  X  </u>    None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3.     PRIORITY CLAIMS.**

**A. <u>Administrative Claims</u>**

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees</u>. Complete only one of the following options:

   a. In addition to the retainer of **$ 500** already paid by the Debtor, the amount of **$ 3,500** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

5

Case 5:18-bk-02291-MJC    Doc 64    Filed 12/31/20    Entered 12/31/20 12:17:53    Desc
Main Document      Page 5 of 8

b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   _X_ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

B. **Priority Claims (including certain Domestic Support Obligations)**.

Allowed unsecured claims, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **New York State Department of Taxation & Finance (Claim No. 3)** | **$ 0** |
| **Berkheimer (Claim No. 6)** | **$ 261.85** |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one of the following two lines.*

   _X_ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

   _X_ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   _X_ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6

Case 5:18-bk-02291-MJC    Doc 64    Filed 12/31/20    Entered 12/31/20 12:17:53    Desc
Main Document    Page 6 of 8

## 6. VESTING OF PROPERTY OF THE ESTATE.

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

 X  plan confirmation.
___ entry of discharge.
___ closing of case:


## 7. DISCHARGE: (Check one)

(X)  The debtor will seek a discharge pursuant to § 1328(a).
( )  The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).


## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

| | | | |
|---|---|---|---|
| Level 1 | Adequate protection payments | **$ -0-** | |
| Level 2 | Debtor's attorney's fees. | **$ 3,500** | |
| Level 3 | Domestic Support Obligations | **$ -0-** | |
| Level 4 | Priority claims, pro rata | **$ 261.85** | |
| Level 5 | Secured claims, pro rata | **$ 20,760.25** | |
| Level 6 | Specially classified unsecured claims | **$ -0-** | |
| Level 7 | General unsecured claims | **$ 39.56** | |
| Level 8 | Untimely filed unsecured claims to which the debtor(s) has/have not objected. | **$ -0-** | |
| | Subtotal | | **$ 24,561.66** |
| | Trustee Commission (Estimated at 10%) | **$ 2,729.07** | |
| | Total | | **$ 27,290.73** |

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*


## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

7

**A.** This Plan contains 1) a chart in Section 8, above, that contains estimated distributions to each class of creditors (with future Trustee Commissions estimated at 10%), in addition to all other items required by the Model Plan; and 2) no signature line for a joint debtor, as there is no joint debtor.

**B.** This Plan satisfies the security interest of **Santander Consumer USA (Claim No. 2)** via payments of the value of the collateral (2007 Ford F150 at $9,300) with interest a six (6%) percent, over the life of the Chapter 13 Plan. See Section 2.E., above. Upon Discharge, after completion of this Chapter 13 Plan, the security interest shall be satisfied and avoided. If not released by, Debtor may obtain title to the collateral by presenting a copy of this Plan and the Discharge Order and requesting the Pennsylvania Department of Transportation issue title, free and clear of the lien.

**C.** This Plan satisfies the security interests of the **City of Wilkes-Barre OECD (previously serviced by PNC Bank, Claim No. 15), Luzerne County Flood Protection (Claim No. 5), Wyoming Valley Sanitary Authority (Claim No. 4)** via payment in accordance with filed Proof of Claims, notwithstanding any deficiencies in the Claims (e.g., Claim No. 4 is filed as unsecured despite the exhibit indicating a municipal lien was filed). Nothing in the Plan modifies the Claims.

**D.** This Plan is filed pursuant to 11 U.S.C. § 1329(d), as Debtor's income was interrupted by the impact of COVID-19. Plan payments pursuant to this Plan go from March 2021, when Debtor expects her regular income to resume, until June 2025, which is twenty-four (24) months after payments pursuant to the originally Confirmed Third Amended Chapter 13 Plan were to end.

Dated: November 23, 2020      /s/ J. Zac Christman
                              J. Zac Christman, Esquire, Attorney for Debtor


                              /s/ Penny A. Townes
                              **PENNY A. TOWNES,** Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.